

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2005

# Byrd v. Reliance Standard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4656

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Byrd v. Reliance Standard" (2005). *2005 Decisions.* Paper 69.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/69

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4656

JOHN H. BYRD,
Appellant

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY;
GROUP LONG TERM DISABILITY INSURANCE
PROGRAM FOR DAN RIVER, INC.

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 04-cv-02339)
District Judge:  Honorable Clarence C. Newcomer

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2005

Before:  RENDELL, FISHER and GREENBERG, Circuit Judges.

(Filed December 21, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

John H. Byrd appeals the District Court's grant of summary judgment against him,

and its denial of summary judgment in his favor.  The District Court held that Byrd failed

to prove that he was entitled to continuing disability benefits because he could perform the essential functions of his occupation as the manager of human resources for his employer, Dan River, Inc. Thus, the District Court ruled in favor of the claims fiduciary, appellee Reliance Standard, and the Dan River Disability Program.[1] We will affirm.[2]

Byrd's claim rests on his contention that his job requires physical activity and exertion beyond his physical capability. Byrd was employed by Dan River as human resources manager prior to January 2003, when he underwent back surgery to remedy back and left leg pain and numbness. Within two weeks of his surgery, Byrd told his doctor that he had no further pain or weakness in his leg, and he was no longer experiencing back pain. There was evidence of continued progress: Byrd was walking one mile per day in April 2003, and four miles per day by July 2003. Byrd had been receiving disability benefits related to his condition following surgery, but in November 2003, Reliance notified him that he would no longer be eligible for benefits. Physical testing then ensued, with conflicting results. Finally, Reliance requested a comprehensive two-day examination, which confirmed that Byrd could perform full-time work at a sedentary physical demand level. Byrd contends that his occupation requires exertion that he is unable to perform.

---

[1] Although the Dan River Long Term Disability Program is a defendant and appellee, the issues on appeal are directed at Reliance.

[2] The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331. We have jurisdiction over this appeal pursuant to 28 U.S.C. §1291.

2

The critical inquiry before the District Court, and on appeal before us, is the nature of the physical exertion required in order for Byrd to perform his job. Reliance proffered the occupational description for human resource manager from the Dictionary of Occupational Titles. U.S. Dep't of Labor, DOT § 166.177-018. This classifies the job as a sedentary strength occupation. Dan River's position description is consistent with this exertion level. However, Byrd relies upon an e-mail from Paul Dickens of Dan River claiming that the job also required that Byrd "break up fights, carry boxes, save employees from occupational disasters, and perform CPR." Byrd did not offer any evidence that he had ever had to perform the tasks identified by Mr. Dickens. Rather, when asked to detail his duties, he identified them as "dealing with employee personnel matters and labor relations." Byrd's Statement, Long Term Disability Application, May 18, 2003.

The District Court employed the appropriate standard of review on summary judgment, as well as the arbitrary and capricious standard of review applicable in a situation involving claim denial where the plan provides discretionary authority to the claims fiduciary, here, Reliance. See Anderson v. Liberty Lobby, Inc., 470 U.S. 242, 251-52 (1986); Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989). We review the District Court's findings of fact under the clearly erroneous standard, and review its legal determinations de novo. United States v. Dentsply Intern, Inc., 399 F.3d 181, 186 (3d Cir. 2005).

The able District Court judge[3] determined that the "sliding scale approach" that we adopted in Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377 (3d Cir. 2000), should apply because the employee benefit plan at issue provided discretionary authority to the claims fiduciary. Accordingly, the District Court reasoned that the Pinto factors weighed in favor of a standard of review slightly higher than the arbitrary and capricious standard.

The District Court then proceeded to analyze the basis for the determination that plaintiff was not totally disabled, as defined in the policy. The District Court concluded:

> After a careful review of the administrative record, this court must reject plaintiff's argument that potential work situations such as breaking up fights, saving employees from occupational disasters, and performing CPR is a part of the plaintiff's regular occupation. There is no evidence to suggest that plaintiff ever performed any of these tasks, or that they represent any part of plaintiff's regular occupation . . . . Here, Reliance considered both the DOT occupation description as well as that of Dan River to determine the material duties of plaintiff's regular occupation. Both title descriptions, read in conjunction with the administrative record, do not support plaintiff's argument . . . .
> . . . .
> Reliance's decision to deny benefits is not arbitrary and capricious even under heightened scrutiny. Because there are no genuine disputes of material fact as to whether Reliance acted arbitrarily and capriciously under the Pinto standard, the court will grant defendant's motion and deny plaintiff's motion.

District Court Op. at 7-8, 10.

---

[3] The District Court judge who issued the opinion and order in this case, Judge Clarence Newcomer, served on the District Court from November 1971 until one week before his death on August 22, 2005.

4

We have noted that "regular occupation" is the usual work that the insured is actually performing immediately before the onset of disability. See Lasser v. Reliance Standard Life Ins. Co., 344 F.3d 381, 386 (3d Cir. 2003). Accordingly, we can find no basis on which to disturb the District Court's thoughtful and well-reasoned analysis and conclusion. We will AFFIRM.[4]

---

[4] Byrd also asserted a claim under section 409 and 502(a)(2) of ERISA for breach of fiduciary duty, seeking to have Reliance removed as a claims fiduciary and to enjoin it from serving as a fiduciary. Our cases make clear that such relief is available to the plan, not to individual plan participants. See McMahon v. McDowell, 794 F.2d 100, 109 (3d Cir. 1986); Alexander v. Whitman, 114 F.3d 1392, 1397 (3d Cir. 1997); Hein v. Fed. Deposit Ins. Corp., 88 F.3d 210, 223 (3d Cir. 1996); Ream v. Frey, 107 F.3d 146, 151 (3d Cir. 1997); Haberern v. Kaupp Vascular Surgeons, Ltd. Defined Benefit Pension Plan, 24 F.3d 1491, 1501 (3d Cir. 1994). This claim was properly dismissed.